## Krischker's Estate.

*Decedents' estates—Claim of State hospital for maintenance of decedent's daughter—Act of June 1, 1915.*

The direction of section 4 of the Act of June 1, 1915, P. L. 661, imposing liability upon certain relatives for the maintenance of inmates in State institutions, that the order made by the court shall be in such amount as the court in its discretion shall deem proper, taking into consideration the ability of the relative to pay for the inmate's maintenance, applies where the application is made to the Court of Common Pleas; but not where it is made to the Orphans' Court upon the audit of the account of the executor or administrator of a deceased relative.

Exceptions to adjudication.   O. C. Phila. Co., Jan. T., 1922, No. 164.

The facts appear from the following extract from the adjudication of the auditing judge, Lamorelle, P. J.:

"The Commonwealth of Pennsylvania presents a claim in the sum of $962.78, evidenced by the affidavit of the steward of the State Hospital for the Insane.   This claim against the decedent is for the support and maintenance of Louise Krischker [decedent's daughter] from July 4, 1914, to April 2, 1921.

"Mr. Archbald, on behalf of the estate, while admitting the amount claimed, contends that, under the statute, the decedent was liable for such amount only as the auditing judge and this court feels should justly be paid.   At the time of the audit, the auditing judge ruled that both he and this court were without jurisdiction to decrease the amount so claimed, meaning thereby that no power was so conferred.   Upon an examination of the act relied upon by Mr. Archbald, to wit, that of June 1, 1915, P. L. 661, the auditing judge sees no reason to change the ruling then made.

"Section 3 provides, among other things, that the father of any person who is an inmate of any institution maintained in whole or in part by the Commonwealth, and who is legally able so to do, shall be liable to pay for the maintenance of any such person as thereinafter in such act provided.   And section 4 vests exclusive jurisdiction in the Court of Common Pleas of the county of the residence of any inmate so mentioned as aforesaid to make an order against the father in such amount as the court, in its discretion, deems proper, taking into consideration his ability to pay.   Section 5 provides that the sworn statement of the superintendent shall be received as *prima facie* evidence;   and section 8, that the act is intended to apply to the collection of claims due the Commonwealth at the time of its passage, as well as those to become due thereafter.

"Mr. Archbald offered considerable testimony showing the resources of the decedent's surviving spouse, all of which the auditing judge ignores, in that he considers such testimony as irrelevant.

"Suffice it to say that the decedent left an estate amounting to $9364.56, and that, after payment of debts, costs of administration, etc., there is a balance principal of some $6500.

"It may be remarked, in passing, that testator directed the payment of his just debts, and that the auditing judge is not prepared to say that amounts varying from $2 to $5 a week for the support and maintenance of a child who is *non compos* is not a just debt.

"Mr. Archbald, at the conclusion of the trial, stated to the court that he is informed that, shortly before Otto Krischker died, a demand was made by the Commonwealth for the payment of this claim, and that Krischker pleaded poverty.   It is possible, therefore, that some adjustment may be made, but, as the auditing judge understands the law, the Orphans' Court is without juris-

diction to make any adjustment other than an allowance or a rejection of the claim, and there is no evidence in this case which justifies a rejection.

"That the Orphans' Court is authorized to allow claims of this nature against a father after his death is shown by the Estate of Frederick Schmidt, January Term, 1918, No. 391. See, also, Roberts's Estate, 21 Montg. Co. Law Repr. 19; Ward's Estate, 22 Dist. R. 564."

*R. W. Archbald, Jr.*, for exceptions; *William A. Wiedersheim, 2nd*, contra.

GUMMEY, J., April 21, 1922.—These exceptions relate to the action of the auditing judge in allowing the claim of the Commonwealth in the sum of $962.78 for the support and maintenance of the decedent's daughter, who was an inmate of the State Hospital for the Insane. We agree with the conclusions of the auditing judge, for the reasons which he gives, and accordingly the exceptions are dismissed.